UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                v.

JASON SERIGHT,

              Defendant.

**Hon. Hugh B. Scott**

09CR84S

**Order**

      This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 2).

      The instant matter before the Court is the defendant's omnibus motion which seeks the following relief: production of Brady materials; identification of informants; production of Federal Rule of Evidence 404(b) evidence; notice and discovery under Federal Rules of Criminal Procedure 16 and 12; production of Jencks Act materials; filing of a Bill of Particulars; preservation of evidence; production of Federal Rule of Evidence 807 residual exception statements; notice of physical evidence the Government intends to use at trial (for a possible defense motion to suppress), as well as other relief (Docket No. 17[1]).

---

[1]An earlier version of this motion, Docket No. 16, was not signed and that motion was terminated.

The Government has filed responding papers (Docket No. 18) and, at oral argument scheduled for August 27, 2009, the motion was deemed submitted on the moving papers (Docket No. 23).

**BACKGROUND**

Defendant is charged with two counts of intentional possession with intent to distribute of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Docket No. 1, Indict.). The Indictment alleges that defendant possessed cocaine base on June 23, 2008 (Count One), and on July 31, 2008, in Niagara Falls, New York (id., Count Two). The Government argues that this is a simple case against defendant, based upon two undercover purchases of crack cocaine from defendant by a cooperating individual whose conversations were recorded (Docket No. 18, Gov't Response at 1). Defense counsel has been provided with the transcripts of these conversations and lab reports and, if the case goes to trial, will be provided with the recordings of these transactions (id.). The Government contends that defendant has been provided full discovery in this case (see id. at 1-2).

**DISCUSSION**

I.  Brady

Defendant first has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under Giglio v. United States, 405 U.S. 105 (1979); see also Brady v. Maryland, 373 U.S. 83 (1963). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be

2

helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that the only Brady material that it possesses relates to background and criminal record of the individual who made the undercover purchases from defendant and that information will be produced with the Jencks Act materials (Docket No. 18, Gov't Response at 3). The Government notes its awareness of its continuing obligations under Brady and its progeny (id.).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for

3

the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

II.     Identity of Informants

Defendant next seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 17, Def. Atty. Aff. ¶¶ 15-26). The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). The Government states that it did not use or intend to rely on any informants, thus this motion must be dismissed as moot (Docket No. 18, Gov't Response at 3). The Government, however, will use a cooperating individual that will be listed in its witness list, but that person is not an "informant" (id. at 3 n.3). This request **is denied**.

III.    Federal Rule of Evidence 404(b) Evidence

Defendant requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 17, Def. Atty. Aff. ¶¶ 27-29). Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government responds that it does not have any such evidence or intend to use such, unless defendant intends to argue entrapment in which case the Government will introduce defendant's prior state convictions for narcotics offenses (Docket No. 18, Gov't Response at 2 & n.1). This **is sufficient** in this case.

4

IV.  Discovery

Defendant seeks various items of pretrial discovery. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

Pursuant to Rule 12(b)(4)(B) (cf. Docket No. 18, Gov't Response at 4 n.5), defendant requests that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16 (Docket No. 17, Def. Atty. Aff. ¶ 31). Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use. The Government in its response to this motion provided notice in its reply of the evidence it intends to use at trial (Docket No. 18, Gov't Response at 4). This response **is sufficient**.

First, for example, defendant seeks a copy of his prior criminal history (Docket No. 17, Def. Atty. Aff. ¶ 33). The Government filed notice of information to establish prior convictions of defendant (Docket No. 22).

Pursuant to Rule 16(a)(1)(D), defendant has requested the production of the results of any physical or mental examinations or scientific tests, including but not limited to any such tests regarding the cocaine or firearms referenced in the Indictment (Docket No. 17, Def. Atty. Aff. ¶ 39). The Government has responded that all laboratory tests involved in this case have been

5

disclosed and, if this cases goes to trial, the curriculum vitae of the experts used by the Government will be provided (Docket No. 18, Gov't Response at 4).

The Court assumes that the Government's production **has satisfied** the defendant's request in this regard.

Pursuant to Rule 16(a)(1)(A) defendant seeks any written or oral statements made by the defendant which are within the possession, custody, or control of the Government, or which through the exercise of due diligence, may become known to the Government (Docket No. 17, Def. Atty. Aff. ¶ 41a.).

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the Grand Jury which relates to the offense charged.[2] Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation, Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendant. To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby directed to produce all such statements made by the defendant.

At the time of argument, the parties did not identify any other outstanding discovery issues.

---

[2]Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

V.   Jencks Act Materials

Defendant next seeks disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500, at least thirty days prior to the trial (Docket No. 17, Def. Atty. Aff. ¶ 40). The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to disclose this information pursuant to Judge Skretny's anticipated pretrial Order (Docket No. 18, Gov't Response at 5). The defendant **has not established** that prior disclosure of Jencks material is essential to the preparation of a defense in this case.

VI.   Bill of Particulars

Defendant next seeks particulars as to the names of the other participants, the date, time, and place of distribution, and whether "an informant" induced defendant to distribute (Docket No. 17, Def. Atty. Aff. ¶ 42; <u>see also</u> Docket No. 18, Gov't Response at 5). While repeating the items of particularization sought (Docket No. 18, Gov't Response at 5), the Government does not argue whether these should be particularized or whether the Indictment or discovery produced eliminate the need to particularize further.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. <u>United States v. Torres</u>, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory" <u>United States v. LaMorte</u>, 744 F. Supp. 573 (S.D.N.Y. 1990); <u>United States v. Leonelli</u>, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it

disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the Indictment, the Court finds that defendant **is not entitled** to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

VII.   Search of Government Agents' Files

Defendant next seeks leave to search the personnel files of agents to determine if they contain Brady/Giglio materials therein and proposed, if necessary, in camera review of these files (Docket No. 17, Def. Atty. Aff. ¶¶ 44-47). The Government argues that defendant fails to articulate that Brady or Giglio material exists in agents' files to require an Order to allow a search of these files (Docket No. 18, Gov't Response at 6), but the Government will review the personnel files of Drug Enforcement Administration agents and Niagara Falls Police Department officers whom it is anticipated will testify, as well as the forensic chemist anticipated to testify (id.).

VIII.   Preservation of Evidence

Defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 17, Def. Atty. Aff. ¶¶ 48-51). The Government has not commented on this motion. Thus, if it has not done so, the Government **is hereby ordered to preserve** these rough notes.

IX. Federal Rule of Evidence 807 Residual Exception

Defendant next seeks notice from the Government of its intention to use of any hearsay exception statements and disclosure of any impeachment information concerning any hearsay declarant, pursuant to Federal Rule of Evidence 806 (Docket No. 17, Def. Atty. Aff. ¶ 52). The Government notes that it does not have or intend to use such evidence and deems this motion moot (Docket No. 18, Gov't Response at 2). This notice **also is sufficient**.

X. Notice of Physical Evidence

In order for defendant to decide whether to move to suppress evidence, he seeks disclosure from the Government of physical evidence it intends to introduce at trial (Docket No. 17, Def. Atty. Aff. ¶ 53). He also reserved the right to move to suppress identification testimony and/or seized evidence (id. ¶ 54). The Government responds that no such evidence will be used and defendant's motion is thus moot (Docket No. 18, Gov't Response at 2). This response is **sufficient**.

## CONCLUSION

For the reasons stated above, defendant's omnibus motion (Docket No. 17) is **granted in part, denied in part**, as indicated in this Order.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 25, 2009